IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CORINTHIAN LEWIS MCMULLEN-BEY**,          ) ) ) | |
| Petitioner,                                  ) | |
| vs.                                          ) | **7:22-cv-08010-LSC** |
|                                              ) | **(7:18-cr-00458-LSC-GMB)** |
| **UNITED STATES OF AMERICA**,                ) ) | |
| Respondent.                                  ) | |

**MEMORANDUM OF OPINION**

## I.   Introduction

Pursuant to 28 U.S.C. § 2255, Corinthian Lewis McMullen-Bey ("McMullen-Bey" or "Petitioner"), has filed with the Clerk of this Court, a motion to vacate, set aside, or correct his sentence of 120 months. (Doc. 2.) The Government has responded in opposition to the motion. (Doc. 10.) For the reasons set forth below, McMullen-Bey's § 2255 motion is due to be denied and this action dismissed without an evidentiary hearing.

## II.   Background

### A.  Trial and Sentencing

McMullen-Bey was charged in an indictment filed on September 26, 2018 with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc. 1.)[1] He pled guilty on October 24, 2019. (Cr. Doc. 24.)

On February 27, 2020, judgment was entered, and the defendant was sentenced to a total term of 120 months. (Cr. Doc. 32.) He appealed his sentence, and it was affirmed by the Eleventh Circuit on May 17, 2021. (Cr. Doc 43.)

On April 6, 2022, McMullen-Bey filed the present motion seeking to vacate or change his sentence pursuant to 28 U.S.C. § 2255. (Doc. 2.) McMullen-Bey currently remains in custody.

### B. § 2255 Proceedings

On April 6, 2022, McMullen-Bey executed his § 2255 motion, which was entered by the Clerk on April 11, 2022.[2] McMullen-Bey asserts the following grounds upon which § 2255 relief should be granted:

1. His Fifth Amendment rights were violated when the Investigator tried to speak to him without a lawyer. (Doc. 2 at 4-5.)

2. This Court abused its discretion and gave him an unreasonable sentence when he was sentenced to the statutory maximum. (*Id*. at 5.)

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 7:18-cr-00458-LSC-GMB.

[2] The Eleventh Circuit applies the "mailbox rule" to deem a prisoner's § 2255 motion to have been filed upon the "date that he delivered it to prison authorities for mailing, presumptively,... the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

    3. His counsel failed to cross-examine the Investigator on one issue at the sentencing hearing. (*Id*. at 5-6.)

    4. The Court committed a fundamental defect when it relied on a pending charge to enhance his sentence and that charge has since been vacated. (*Id*. at 7.)

Along with the § 2255 motion, McMullen-Bey filed three other motions: 1) Motion for Default Judgment (doc. 11), 2) Motion for Adequate Representation, (doc. 16) and 3) Motion to be Expedited under Judgment. (Doc. 17.) For the reasons outlined below, this Court finds that all four motions are due to be dismissed.

## III. Timeliness

Judgment was entered against McMullen-Bey on February 27, 2020. (Cr. Doc. 32.) He appealed that decision and it was affirmed on May 17, 2021. (Cr. Doc. 43.) McMullen-Bey signed his § 2255 petition on April 6, 2022. (Doc. 2.) Because McMullen-Bey filed his § 2255 motion within one year of the date that the judgment of his conviction became final, the motion is timely. *See* 28 U.S.C. § 2255(f)(1).

McMullen-Bey is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* at §§ 2255(h), 2244(b)(3)(A).

## IV. Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A

petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). However, it is appropriate for the court to conduct an evidentiary hearing if, "accept[ing] all of the [movant's] alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

V.  **Discussion**

  A. **Merits of McMullen-Bey's § 2255 Motion**

  i.  **Fifth Amendment Violation**

McMullen-Bey alleges his Fifth Amendment right against self-incrimination was violated, however, this argument is without merit. "A violation of the Fifth Amendment occurs when 'the accused is compelled to make a Testimonial Communication that is incriminating.'" *McKathan v. United States*, 969 F.3d 1213, 1223 (11th Cir. 2020) (internal citations omitted). If an individual is compelled to answer an incriminating question, "his answers are inadmissible against him in a later criminal prosecution." *Minnesota v. Murphy*, 104 S. Ct. 1136, 1141 (1984). "To succeed under a Fifth Amendment challenge . . . [McMullen-Bey] would have . . . to show three things: (1) that the government compelled him to make a (2) testimonial communication or act and (3) that the testimonial communication or act incriminated him." *McKathan*, 969 F.3d at 1223.

McMullen-Bey alleges his Fifth Amendment right was violated when he was asked "to talk with the investigator without a lawyer . . . present." (Doc. 2 at 5.) However, the Investigator stated under oath at the sentencing hearing that although he did try to contact the petitioner, McMullen-Bey "refused to talk." (Cr. Doc. 40 at 9.) Thus, McMullen-Bey's claim has no merit because there was no testimonial

communication on which a Fifth Amendment claim for self-incrimination could be based.

### ii. Unreasonable Sentence

Moreover, to the extent McMullen-Bey is using this § 2255 motion to re-litigate arguments already raised and rejected in his direct appeal, he is procedurally barred from doing so. McMullen-Bey alleges the Court abused its discretion and gave him a substantially unreasonable sentence. (Doc. 2 at 5.) This argument was addressed on direct appeal and the Eleventh Circuit affirmed this Court's decision. (Cr. Doc. 43.) A prisoner is procedurally barred from raising arguments in a § 2255 motion that he has already raised and that were rejected in his direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (internal quotation marks omitted)). The Eleventh Circuit held that because of all of the underlying factors described in the Presentence Investigation Report (*See* Cr. Doc. 31), "McMullen-Bey's 120-month sentence was not substantively unreasonable." (Cr. Doc. 43 at 14.) Thus, McMullen-Bey is procedurally barred from asserting it again.

### iii. Ineffective Assistance of Counsel

McMullen-Bey asserts one ground of ineffective assistance of counsel in his § 2255 motion. This assertion is meritless and due to be dismissed without a hearing.

An ineffective assistance of counsel claim has two components: (1) the petitioner "must show that the counsel's performance was deficient" and (2) the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first component, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The second component is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In examining counsel's performance, the Court should be "highly deferential." *Id.* at 689. The Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The Court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or

omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden is met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391–93 (2000); *Strickland*, 466 U.S. at 691.

In this case, McMullen-Bey alleges counsel was ineffective at his sentencing hearing by failing to adequately cross-examine Investigator Courtland ("Courtland") regarding his pending sexual abuse charges in state court. However, this Court finds that counsel's performance was not deficient, and even if it was, no prejudice existed.

On direct examination, Investigator Courtland testified to the evidence he had regarding the sexual abuse charge against McMullen-Bey. (*See* Cr. Doc. 40 at 7-9.) Specifically, that the victim who was thirteen years of age thought to ask the perpetrator for his phone number, and that number traced back to McMullen-Bey.

(*Id.* at 9.) McMullen-Bey states in his § 2255 motion that on cross-examination, counsel "did not ask for more detail about the phone number being traced to him." (Doc. 2 at 5.) Even if this is true, counsel did inquire into several inconsistencies and issues in the case including: 1) at the photo lineup, the victim wrote down "maybe McMullen-Bey," 2) Courtland stating it "felt like a flimsy case," 3) Courtland stating he "did not expect the grand jury to indict it," 4) no one ever went to McMullen-Bey's home to meet with him, 5) the bike was never located, and 6) the DNA tests came back inconclusive. (Cr. Doc. 40 at 11-12.)

As for the first prong of an ineffective assistance of counsel claim, there is no evidence that counsel's performance was deficient. He inquired on cross-examination into numerous inconsistencies and issues with the case. (*Id.*) Although he did not inquire into the specifics of the telephone tracing back to McMullen-Bey, the petitioner did not establish how this was deficient. He has pointed to no questions that should have been asked or any inconsistencies that needed to be addressed in relation to the phone trace. Further, he has not shown how this prejudiced him. There is no indication from McMullen-Bey that the outcome would have been any different had counsel inquired into this issue on cross-examination. Actually, petitioner who was being prosecuted for being a felon with a firearm had another firearm while out on bond on this case. That new charge had not yet been tried, but McMullen-Bey agreed that the government could meet their burden of showing he had another

firearm. (*Id.* at 13.) Thus, because neither prong of the ineffective assistance claim has been satisfied, this issue must be dismissed.

### iv. Fundamental Defect

Lastly, McMullen-Bey alleges there was a fundamental defect in his sentencing because one of his pending charges in state court that was relied upon at sentencing was ultimately dismissed. (Doc. 2 at 7.) He cites to an Eleventh Circuit opinion which states that "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Regardless, the underlying charge in this case had not been prosecuted to a conviction, so the Court was only considering his criminal conduct, *not* a conviction. *See United States v. Overstreet*, 713 F.3d 627, 638 n.14 (11 Cir. 2013) (stating "even if [other criminal conduct] was completely unrelated to his offense of conviction, this conduct may be considered as part of the defendant's 'history and characteristics' . . . and thus, may be considered in imposing a variance."); *United States v. Raimondi*, 620 Fed. Appx. 803, 805 (11th Cir. 2015)[3] (stating that when sentencing a defendant, "[s]ubsequent criminal conduct may be considered even if

---

[3] This is persuasive authority. 11th Cir. Rule 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

it is unrelated to the underlying offense"). Additionally, *United States v. Burns* stated that

> Consideration of [defendant's] uncharged conduct was also permissible because the district court may rely on . . . facts not resulting in a conviction. *See United States v. Faust,* 456 F.3d 1342, 1348 (11th Cir. 2006) (explaining the district court may also consider facts of underlying conduct that did not result in a conviction . . . ); *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004) (stating the district court's factual findings for sentencing purposes may be based on evidence . . . presented during the sentencing hearing).

No. 22-10195, 2023 WL 128706, at *4 (11th Cir. Jan. 9, 2023). Thus, even conduct that *never* leads to a conviction can be considered for sentencing purposes if the conduct is proved by a preponderance of the evidence.[4] *See id.* In fact, the very language of 18 U.S.C. § 3553(a)(2)(C) states "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to protect the public from *further* crimes of the defendant"[5] (emphasis added).

This Court received testimony and found by a preponderance of the evidence that McMullen-Bey committed the sexual assault on the thirteen-year-old victim and

---

[4] "[C]ourts can continue to consider relevant [criminal] conduct so long as the facts underlying the conduct are proved by a preponderance of the evidence." *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006).

[5] The Eleventh Circuit cited to this in McMullen-Bey's appeal opinion stating that "the district court properly considered McMullen-Bey's sexual assault of a minor and the need to protect the public. *See id.* § 3553(a)(2)(C)."

possessed another firearm while out on bond. The Court stated at the sentencing hearing that "with regard to the sexual assault . . . I find he did that as well. It's clear to me it would be almost impossible for a minor to have his cell number and be able to even pick out that – yeah, I think that's him, or that might be him, or whatever he said." (Cr. Doc. 40 at 18.)

When this Court sentenced McMullen-Bey, several things were relied upon when pronouncing his sentence above the guideline range:

> I think the recommendation of the government is way too low on this particular case. The defendant has a criminal history category number of four . . . . There is a significant number of convictions . . . . [A]t least three prior gun violations . . . . He has had an extensive criminal history going back to 1985 at age 22 when he began his criminal career with a theft in the first degree. And he continued on with a constant criminal pattern of everything from thefts to . . . possession of short barreled shotguns to possession of drugs, negotiating worthless instruments, assault in the third degree, driving under the influence, carrying a pistol in 2007 without a permit . . . . [I]t's just one offense right after another; right after another . . . . And with regard to the sexual assault . . . I find that he did that as well . . . . If there ever was a case that required this court determining what is sufficient but not more than necessary to accomplish the sentencing goals set forth in the federal statute to sentence the defendant to the maximum, this is the one.

(*Id*. at 16-18.) After sentencing, and before the sexual assault charge was dismissed, he appealed to the Eleventh Circuit alleging the admission of the sexual assault evidence was based on inadmissible hearsay and that this Court's reliance on his criminal history was substantially unreasonable. (Cr. Doc. 43-1.) The Eleventh Circuit affirmed this Court's decision saying:

> The district court did not 'exclusively' consider his criminal history. It also reviewed the presentence investigation report, which included McMullen Bey's mitigating circumstances, adopted the report's factual findings, heard his allocution, and heard his arguments for a low-end guideline sentence . . . . [t]he district court considered and reasonably balanced the section 3553(a) factors to achieve the purpose of sentencing.

(Doc. 43-1 at 12, 14.)

This Court properly considered the sexual assault allegation in pronouncing McMullen-Bey's sentence. *See Overstreet*, 713 F.3d at 638 n.14. The Court also considered his extensive criminal history, especially prior gun related incidents. The Eleventh Circuit has already found our decision reasonable. Therefore, it is not "fundamentally defective" as McMullen-Bey alleges.

**B. Prison Transfer and Appointment of Counsel Requests**

McMullen-Bey requested this Court for the opportunity to be immediately transferred to a facility with "adequate mean[s]" to prepare for this case. (*See* Doc. 16 at 1-2.) He then filed a "Motion to be Expedited Under Judgment of District Court" in which he states he has been at the federal holding facility at the Shelby County Jail for five months and again reiterates his desire to move facilities. (Doc. 17 at 1.) He is in US Marshall custody at the federal holding facility and this Court will not undertake an action to transfer him at this time and his request to do so in Document 16 and Document 17 is denied.

McMullen-Bey also requested that in the alternative, this Court appoint counsel to represent him in this action. (*See* Doc. 16 at 2.) McMullen-Bey is advised that there is no statutory or constitutional right to counsel for a § 2255 proceeding. *See Pennsylvania v Finley*, 481 U.S. 551, 555 (1987) (no "constitutional right to counsel when mounting collateral attacks upon . . . convictions"). Section 2255(h) provides that a court *may* appoint counsel in a § 2255 proceeding, and that such appoint of counsel is governed by 18 U.S.C. § 3006A. Under § 3006A, the court may appoint counsel in a § 2255 proceeding whenever "the interests of justice so require." Upon review of the record, McMullen-Bey has failed to demonstrate the interests of justice require this Court to appoint counsel for him in this action. Thus, his request for counsel in Document 16 is denied.

### C. Default Judgment

McMullen-Bey also filed a Motion for Default Judgment on August 25, 2022. (Doc. 11.) For the reasons detailed, this claim has no merit and is due to be denied. He alleges the government defaulted "when it failed to respond to the movant[s] Section 2255 motion by the original July 13, 2022 deadline." (*Id.* at 1.) However, this Court had granted the government a 30-day extension of time upon a proper motion to do so. (*See* Doc. 6, 7.) Thus, the government responded within this time frame when they filed a response on August 10, 2022. (*See* Doc. 10.) No default occurred, and this claim is denied.

## VI. Conclusion

For the foregoing reasons, McMullen-Bey's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice. Further, his Motion for Default Judgment (doc. 11), Motion for Adequate Representation (doc. 16), and Motion to be Expedited under Judgment (doc. 17) are all due to be denied.

Rule 11 of the Rules governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional debatable and wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve to proceed further." *Miller-EL v. Cockrell,* 537 U.S. 322, 336 (2003) *(internal quotations omitted).* This Court finds that McMullen-Bey's claims do not satisfy either standard. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on September 25, 2023.

_____
L. Scott Coogler
United States District Judge

215708